# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2022

Lyle W. Cayce
Clerk

No. 21-30190
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JON C. BALLAY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-213-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Jon C. Ballay was convicted, pursuant to a plea agreement, of one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e).  The district court sentenced Ballay to 262 months of imprisonment and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30190

a life term of supervised release, and it ordered him to pay $67,300 in restitution.

On appeal, Ballay argues that the district court abused its discretion by failing to hold an evidentiary hearing regarding his motion to withdraw his guilty plea based on his claim of actual innocence under the factors listed in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). We review a district court's denial of a defendant's motion to withdraw his guilty plea, as well as the denial of an evidentiary hearing regarding such a motion, for abuse of discretion. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). A hearing is necessary when a defendant alleges sufficient facts that, if proven, would justify relief. *Id.*

A defendant's assertion of actual innocence is not alone sufficient to warrant allowing withdrawal of his guilty plea. *See United States v. Harrison*, 777 F.3d 227, 235 & n.39 (5th Cir. 2015). Here, Ballay has failed to present a "substantial supporting record" showing his actual innocence of the charged offense, and thus the actual innocence factor of *Carr* does not weigh in his favor. *See United States v. Clark*, 931 F.2d 292, 295 (5th Cir. 1991). Ballay also has not shown that the remaining *Carr* factors weigh in his favor, and he therefore has not demonstrated that the district court abused its discretion in denying his request for an evidentiary hearing regarding his motion to withdraw. *See Powell*, 354 F.3d at 370.

Ballay also raises two issues involving an alleged breach of the plea agreement by the Government. The issue whether the plea agreement has been breached is a question of law that is reviewed de novo. *United States v. Purser*, 747 F.3d 284, 290 (5th Cir. 2014). We apply general principles of contract law in interpreting a plea agreement and ask whether the Government's acts comport with the defendant's reasonable understanding of the agreement. *United States v. Pizzolato*, 655 F.3d 403, 409 (5th Cir.

2011). The defendant has the burden of bringing forth facts that prove the breach by a preponderance of the evidence. *Id.* Plea agreements are construed against the Government because it drafts them, and, concomitantly, the Government must strictly adhere to the promises it makes in these agreements. *United States v. Roberts*, 624 F.3d 241, 245-46 (5th Cir. 2010).

Ballay first argues that the district court abused its discretion in failing to hold an evidentiary hearing regarding his claim that the Government breached the plea agreement by refusing to consider his cooperation efforts, as demonstrated in a letter from his attorney stating that the Government was no longer interested in accepting his future assistance. However, the record establishes that the Government complied with a reasonable understanding of the plea agreement and gave Ballay the opportunity to earn substantial assistance. Therefore, Ballay has not demonstrated that the district court abused its discretion in denying his request for an evidentiary hearing regarding this issue. *See Powell*, 354 F.3d at 370.

Additionally, Ballay argues that the Government breached its agreement to "bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing," via "a letter detailing the defendant's cooperation." However, the record establishes that the district court was made generally aware of the extent of Ballay's cooperation, and Ballay has not shown that the Government's conduct at sentencing was inconsistent with his reasonable understanding of the plea agreement. *See Pizzolato*, 655 F.3d at 409; *United States v. Hooten*, 942 F.2d 878, 883-84 (5th Cir. 1991). Accordingly, he has not demonstrated any error by the district court with regard to its determination that the Government complied with its obligations under the plea agreement.

AFFIRMED.